CASE 80—PETITION ORDINARY—OCTOBER 26.

# Walter A. Wood Mowing and Reaping Machine Co. v. Land, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

GUARANTY—WANT OF CONSIDERATION—The guarantor of a note may in an action upon the contract of guaranty rely for defense upon the want of consideration for the note, unless he has received a consideration direct from the creditor.

In this action upon a contract guaranteeing the payment of a note executed for the purchase price of a reaping machine, a good defense was presented by an answer alleging that the plaintiff had warranted the machine to be sound and to "work and cut in the harvest all right and in a first-class manner in every particular," and that the machine was, in fact, unsound and worthless, by reason of which the consideration for the notes and guaranty had failed, and that defendants had been damaged to the extent of $100, the amount of the notes, which was pleaded as a set-off and counter-claim. The answer is clearly a plea of no consideration and the further plea of counter-claim and set-off should be treated as surplusage.

O'REAR & BIGSTAFF, AND JOHN T. HAZELRIGG FOR APPELLANT.

The answer is a sham pleading and ought to receive judicial condemnation. Its inconsistencies are so glaring as to strike the mind at first glance that it is a trifling with the administration of justice.

H. M. WOODFORD FOR APPELLEE.

1. A guarantor may make any valid defense that the principal can make, and therefore the appellees in this case had the right to set up the breach of warranty on the part of appellants as a defense to the action. (1 Wait's Actions and Defenses, 582.)

2. The petition is not good because no allegation of insolvency was made therein as to the principal in the note.

Walter A. Wood Mowing and Reaping Machine Co. v. Land, &c.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from the petition of appellant that John Chapin executed to it his two promissory notes for $50 each; and that before the delivery of same to appellant the appellees, by writing thereon, guaranteed the payment thereof, and in this suit appellant sought to recover judgment against the appellees for the amount of said notes.    Judgment by de-fault was rendered against appellees, but on their motion, upon sufficient grounds, the judgment was set aside, and they were permitted to answer.

In the answer and amended answer it was alleged in sub-stance that the notes were executed in part pay for a reap-ing machine, and that at the time of their execution and guaranty by appellees appellant warranted to said Chapin said machine to be sound and first-class, and to run and work and cut in the harvest all right and in a first-class manner in every particular, but that said machine was, at the time of purchase and delivery,and had been ever since, unsound, of no account and worthless, and would not and did not run or work or cut in the harvest all right or at all, or in a first-class manner or in any particular, and of which failure appellant was duly notified, and that by reason of such unsoundness and failure the consideration of the notes and the guaranties had wholly failed,and that appellees had been damaged in the sum of $100, which appellees pleaded as a counterclaim and set-off against the notes sued on.

Appellant's demurrer to the answer as amended was overruled, and appellant afterwards withdrew the same, and the cause, on plaintiff's motion, was submitted upon the merits, and the court adjudged that plaintiff had not shown itself entitled to any relief, and dismissed the petition and rendered judgment against appellant for cost, from which judgment appellant has appealed to this court, and insists

that the judgment first rendered against appellees ought not
to have been set aside, but we do not think that the court
erred in so doing.

It is, however, earnestly contended for appellant that the
guaranty of appellees is and was a separate contract from
that of Chapin, and that their liability became absolute
upon the default of Chapin.   It is true that the guaranty is a
contract, separate from the execution of the note or under-
taking of the principal debtor, but it does not, by any means,
follow that the guarantor can not make defense when sued
upon his guaranty.

It may be conceded that the appellees can not plead a
counterclaim or set-off due from appellant to Chapin, but it
does not necessarily follow that appellees may not plead no
consideration.   There must be some consideration to sup-
port the guaranty.   The execution of the note implies a
consideration, and so does the execution of the guaranty,
but that implication may, upon a proper plea, be disproved.
If there be any consideration for the execution of the note,
that consideration is sufficient to support the guaranty.   If
there be no consideration for the note, it seems to us that
the guarantors may plead and prove that fact and thus de-
feat the action of the creditor unless the guarantors have
received a consideration direct to them from the creditor.

There is no claim in this action that any such considera-
tion passed direct from the creditor to these appellees.   Mr.
Parsons, in his work on Contracts, volume 2, page 7, in dis-
cussing guaranties, says:   "It is itself a distinct contract,
and must rest upon its own consideration; but this consid-
eration may be the same with that on which the original
debt is founded for which the guarantor is liable.   The rule
of law is this.   If the original debt or obligation is already
incurred or undertaken previous to the collateral undertak-

ing, then there must be a new and distinct consideration to sustain the guaranty. But if the original debt or obligation be founded upon a good consideration, and at the time when it is incurred or undertaken or before that time the guaranty is given and received, and enters into the inducement for giving credit or supplying goods, then the consideration for which the original debt is incurred is regarded as a consideration also for the guaranty."

It would seem clear from the foregoing that the plea of no consideration can be pleaded in this action. These views seem to be sustained in Winans v. Manufacturing Co., 48 Kansas, 777; Briggs v. Latham, 36 Kansas, 205; Standley v. Miles & Adams, 36 Miss., 434.

The answer of appellees is clearly a plea of no consideration, and the further plea, counterclaim and set-off should be treated as surplusage, and in no way affecting the plea of no consideration.

Appellant having failed to reply, the averment of no consideration, accompanied by the allegations of facts showing the failure of consideration, was properly taken as true, and the judgment of the court below is, therefore, affirmed.